CITY OF LEBANON *v.* WALKER.

[No. 13,341. Filed January 25, 1929.]

*Roscoe Hollingsworth,* for appellant.
*Rogers & Smith,* for appellee.

NICHOLS, J.—Action by appellee against appellant for alleged services performed by appellee, acting as city judge of appellant city from May 1, 1923 to December 31, 1925, two years and eight months, in sum of $1,600 at $600 per year.

From a judgment for appellee, this appeal. The error assigned is the action of the court in overruling appellant's motion for a new trial.

The facts as agreed upon are: that appellant is now and was at all times here involved, a municipal corporation; that in the year 1920, the assessed valuation of the property in appellant city was $8,601,165; in 1921, $7,751,995; in 1922, $6,665,680; in 1923, $7,279,750; in 1924, $7,219,720; in 1925, $7,438,640 and in 1926, $7,600,440; that on August 13, 1920, the common council of the city enacted an ordinance recognizing it as a city of the fourth class, and providing that the duties of city

judge therein devolve upon the mayor thereof; that said ordinance was duly passed and approved in all things according to law, and was in full force and effect immediately upon its passage, and is now and was at all times here involved valid and in full force and effect.

Section 1 of such ordinance provides that: "Said City of Lebanon now being classified as a city of the fourth class under the laws of the State of Indiana, the powers and duties imposed by law upon the judge of the city court shall after the passage and approval of this ordinance devolve and be imposed upon and be performed by the mayor of said city, and the mayor of said city now in office and all mayors of said city who shall hereafter be elected and qualify as such are hereby authorized and directed to perform and carry out all the powers and duties of a city judge in said city the same as if such judge were elected and qualified as such under the law."

Section 2 provides that: "This ordinance shall be in full force and effect from and after its passage by the common council and approval by the mayor of said city."

That appellee was the duly elected, qualified and acting mayor of said city on January 1, 1922 to January 1, 1926, both dates inclusive, and that, during all of said time from January 1, 1922 to January 1, 1926 pursuant to said ordinance and pursuant to the law of the state, he acted as judge of the city court of such city; that on January 4, 1927, appellee filed with the clerk of said city his claim for services as judge from May 1, 1923, to December 31, 1925, in the sum of $1,600 and that the city has refused to pay the same, and that it is wholly unpaid; that in the minutes of a regular meeting of the common council of the city, had and held on November 10, 1919, appears the following entry to wit: "As the City of Lebanon by virtue of the tax valuation having passed to the fourth class, the mayor proceeded to proclaim the same a City of the Fourth Class and appointed a Board

of Public Works as the law requires, the Mayor and City Civil Engineer to serve upon said Board, and the Mayor appointed as a third member Clarence Ridgway to serve without additional salary."

The reasons relied upon for reversal are that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

Appellee contends that an affirmative act on the part of the council is required to determine from official records whether a city belongs to one class or to another, and that the common council of appellant city recognized this duty when, on August 13, 1920, by ordinance, it determined that appellant city had advanced to a city of the fourth class. But we do not so understand. It was not incumbent on the council to classify the city. The statute fixes the measure of classification, and the city either is, or is not, in a certain class, depending upon its qualifications under the statute.

The act of the legislature of 1913, page 759, being §10262 Burns 1926, which supplements the act of 1909, Acts 1909 p. 13, §10261 Burns 1926, provides that all cities of this state having a population of less than 10,000, as shown by the last preceding United States census, and also having an assessed valuation of not less than $7,500,000 of taxables, as shown by the preceding assessment for taxation, shall be classified as cities of the fourth class. By fulfilling the requirements of this act, appellant became a city of the fourth class, not because of the ordinance of August 13, 1920, but because it was so classified by the statute. In fact, the common council did not by ordinance undertake to determine that the city was a city of the fourth class, but simply recognized that it was such. The language of the ordinance is that "Said city of Lebanon now being classified as a city of the fourth class under the laws of the State of Indiana," etc. There was no duty resting on the common council

to classify the city as of the fourth class, nor was there any duty resting upon it, when the city reduced to a city of the fifth class, to reclassify it as such. The measure of the statute accomplished that fact. We do not say that it was not the duty of the common council to take cognizance of the changed conditions, but we do say that it was not its duty to reclassify.

This court takes judicial notice that appellant city was, by the United States census of 1920, a city of less than 10,000, and that it then had a population of 6,257. *City of Huntington* v. *Cast* (1898), 149 Ind. 255, 48 N. E. 1025; *Hawkins* v. *Thomas* (1891), 3 Ind. App. 399, 29 N. E. 157. Then, when the valuation of its taxables, as appeared by the last preceding assessment, became less than $7,500,000, automatically, and by force of the statute, and without any edict of the common council, it became a municipality of a lower class, we assume a city of the fifth class, and, while the statute, §10264 Burns 1926, provides for extra salary of $600 for mayors performing the duties of city judge in cities of the fourth class, there is no such provision as to cities of the fifth class.

Had the population of appellant city, by the United States census of 1920, been more than 10,000, then, as the valuation of its taxable property did not sink below $5,000,000, it would have continued as a city of the fourth class, and appellee would have been entitled to his salary, but, as appears by such census of 1920, its population was not more than 10,000.

The decision of the court is not sustained by sufficient evidence.

Judgment reversed.